Tucker, P.
I do not think it necessary, in this case, to decide whether a final decree in a court of equity is a judgment, within the meaning of the two clauses of the statute of limitations relied upon by the defendants, or within the equity of that statute. I am satisfied that this decree is not to be taken to be a final deree, and even if it were, it is not such an one as the statute could apply to. It is a decree, indeed, against Nathaniel Fox for a sum of money; but it farther provides that if no property of his can be found, then he shall deliver up certain trust and mortgage property to the marshal, to be sold to satisfy the plaintiff's demand, if the debt was not made by execution, this part of the decree came into operation; and as it could only be enforced by attachment if obedience to it were refused, so it seems to me obviously to be without the provisions of either of the clauses of the statute. Had the creditor found it necessary to proceed to enforce this provision of the decree, it could only be done by attachment against Fox in his lifetime, or by bill demanding from his representatives, or others in possession of the property, a compliance with the decree, and enforcing it against them by attachment. It is true, this course has not been taken, the creditor still insisting that there are assets. But the provision itself gives the character to the decree; for the cause never could be out of the possession of the court, so long as its direct action might be called for to compel the delivery of the property. And even now it is competent to the party, upon failure to make his debt out of the assets of Fox, to amend his bill, setting forth that fact, and asking the enforcement of the alternative branch of the decree. I am of opinion, therefore, to reverse the decree and send the cause back for further proceedings.
Decree reversed, and cause remanded.